## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Moyer

 v.

A. E. Prinkey & Son, Inc., et al.

May 17, 1988

Case No. (Law) 11424

### By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Plaintiff's Motion for a Nonsuit pursuant to Code of Virginia, Section 8.01-380. Defendant objects on the ground that the time for the statute has passed.

On October 23, 1987, this case was tried before a jury and resulted in a verdict for Defendant. On December 7, 1987, by letter opinion, the Court granted Plaintiff's Motion to Set Aside the Verdict and by order dated January 14, 1988, ordered a new trial in this case. On the day before the new trial was to take place, Plaintiff's counsel indicated that Plaintiff wished to take the nonsuit pursuant to the Statute. By conference call, the matter was argued. While this appears to be a novel issue under these circumstances, the Motion for the nonsuit must be denied for the following reasons.

The statute in question reads in pertinent part as follows:

A party shall not be allowed to suffer a nonsuit as to any *cause of action or claim* . . . unless he does so before a motion to strike the evidence

has been sustained or before the jury retires from the bar . . . (emphasis added) 8.01-380.

A "cause of action" is the operative set of facts giving rise to a right of action. *See, Harbour Gate Owners' Assoc. v. Berg*, 232 Va. 98, 105 (1986); *First Va. Bank-Colonial v. Baker*, 225 Va. 72, 81 (1983).

The Court cannot ignore the plain wording of the statute. The Legislature's use of the expression "cause of action" makes it clear that once the jury "retires from the bar" as to the operative facts giving rise to the right of action it is too late to nonsuit. The setting aside of the verdict cannot change this. The verdict, set aside for errors of law in the instructions to the jury, is not a nullity under these circumstances.

Defendant has requested sanctions, and that matter will be taken under advisement pending final disposition of this case.